IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL B. JONES, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | No. 07-1070 |
| | : | |
| | : | |
| DAVID DIGUGLIELMO et al. | : | |
| Respondent | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                **January 16, 2008**

      Darnell B. Jones, incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania, for violating his probation asks this Court to grant a writ of habeas corpus and objects to the thorough Report of Magistrate Judge Carol Sandra Moore Wells recommending denial of the writ.  After reviewing the record *de novo*, I agree with Magistrate Judge Moore Wells that Jones's claims have neither met the statutory requirements nor presented sufficient equitable reasons to overcome the the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   I will approve the Report and Recommendation, overrule the objection, and deny the writ.

**FACTS**

      In 1991, Jones was sentenced to two to four years' imprisonment for manufacturing and possessing a controlled substance with intent to deliver and knowingly possessing a controlled substance, and a consecutive term of five years' probation for conspiracy.[1]

---

[1] Jones sold an undercover police officer two vials of crack-cocaine. *Commonwealth v. Jones*, Nos. 1681-1682, slip op. at 1-2 (Phila. Co. April 8, 1991).

On October 1, 1996, the Hon. Ricardo C. Jackson found Jones violated his probation when he failed to enroll and complete an inpatient treatment program, failed to report to his probation officer, and ingested illegal drugs. *Commonwealth v. Jones*, Nos. 1679, 1681 and 1682, slip op. at 4 (Phila. Co. March 17, 1997). The court revoked Jones's probation and sentenced him to five to 10 years on each count for a total of 10 to 20 years. *Id.* at 1-2. On March 17, 1997, the Court of Common Pleas of Philadelphia County- Criminal Appeals Unit upheld Jones's five to 10 year sentence for the conspiracy conviction. However, the court found Jones was improperly sentenced for the manufacturing and possessing a controlled substance with intent to deliver and knowingly possessing a controlled substance conviction. *Id.* On February 10, 1998, the Pennsylvania Superior Court affirmed the Court of Common Pleas' decision and remanded the case for re-sentencing. On July 23, 1998, the Court of Common Pleas- Trial Division vacated this sentence, leaving the affirmed five to 10 year sentence for conspiracy intact. Jones did not seek *allocatur* in the Pennsylvania Supreme Court.

Seven years later, in July, 2005, Jones filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa..C.S. §§ 9541-46. On February 16, 2007, the PCRA court dismissed the petition as untimely without a hearing. Jones did not appeal the decision. A month later, on March 19, 2007, Jones filed the instant *pro se* federal habeas corpus petition under 28 U.S.C. § 2254.

**DISCUSSION**[2]

This Court must review *de novo* the record regarding any recommendation by a magistrate judge to which a petitioner objects. 28 U.S.C. § 626. The one-year statute of limitations in the

---

[2] This Court is mindful Jones's petition is *pro se*, and any supporting submissions must be construed liberally and with a measure of tolerance. *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[3] begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking the review."[4]  In this case, the statute of limitations began to run on March 12, 1998, after the 30-day period for seeking *allocatur* to the Pennsylvania Supreme Court expired.  Pa. R. Ap. P. 113(a).  Jones had until March 12, 1999 to file this habeas petition.  He failed to meet this deadline; therefore, this petition is barred unless the time period is statutorily or equitably tolled.

Under the AEDPA, the one-year statute of limitations can be tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[3]The statute provides in relevant part:
> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) (codified at 28 U.S.C. § 2244(d)(1)).

[4]Jones's claims are not based on a newly recognized constitutional right nor on newly discovered evidence. Therefore, 28 U.S.C. §§ 2244(d)(1)(C) and (D) do not apply.  Even though Jones argues he never received notice of his PCRA denial, arguably an "impediment to filing an application created by state action" under §2244(d)(1)(B), his PCRA claim was not filed until six years after his conviction became final.  Thus, §2244(d)(1)(B) also does not apply.

or claim is pending." 28 U.S.C. § 2244(d)(2).  A petition is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 9 (2000).  Such rules include applicable time limits.  *Id.*  Jones's petition for state post-conviction relief was filed six years after the statute of limitations had run and was not properly filed.  Since Jones's application was not properly filed, the habeas statute of limitations cannot be statutorily tolled.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (holding an untimely PCRA petition is not properly filed and cannot statutorily toll the habeas period of limitations).

Absent statutory tolling, equitable tolling must be found to extend the statute of limitations.  Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation unfair."  *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006).  The petitioner has the burden to show he "diligently pursued his rights and that some extraordinary circumstance stood in his way."  *Id.*  The Third Circuit has identified three circumstances in which equitable tolling may apply: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  *Id.*  Jones does not claim the state misled him or he timely asserted his rights in the wrong forum; thus, he is left with demonstrating extraordinary circumstances prevented him from asserting his rights.

Jones argues he is entitled to equitable tolling because a Philadelphia half-way house failed to forward his mail and he did not know his PCRA petition was denied.  In addition, he claims equitable tolling should apply because he did not know the legal process.

Neither of these arguments is sufficient to equitably toll the statute of limitations.  Jones failed to establish any extraordinary circumstance caused him to wait six years before filing his

untimely PCRA petition. Lack of knowledge is insufficient to equitably toll the time period. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)(reasoning "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *see also Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000)(holding "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Jones failed to demonstrate extraordinary circumstances and diligent pursuit of his petition. As a result, equitable tolling does not apply and the petition cannot survive.

      An appropriate order follows.